IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR MANATEE COUNTY, FLORIDA
CIVIL DIVISION

**BEATRIZ HENRIQUEZ,**

    **Plaintiff,**

                                                  **CASE NO.:**

v.

                                                  **DIVISION:**

**SOICHER-MARIN OF FLORIDA, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BEATRIZ HENRIQUEZ, by and through undersigned counsel, brings this action against Defendant, SOICHER-MARIN of FLORIDA, LLC, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1.    This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e et seq. and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.

2.    Venue is proper in Manatee County, because all of the events giving rise to these claims occurred in this County.

**PARTIES**

3.    Plaintiff is a resident of Sarasota County, Florida.

4.    Defendant operates an art gallery in Bradenton, in Manatee County, Florida.

**GENERAL ALLEGATIONS**

5.    Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

9. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

## FACTS

11. Plaintiff was employed by Defendant from January 1, 2020 to March 1, 2020.

12. Plaintiff is a woman.

13. Thus, Plaintiff is a member of a protected class, and on account of her protected status, Plaintiff benefits from the protections of Title VII and the FCRA.

14. Plaintiff performed the job for which she was hired in a satisfactory manner.

15. Plaintiff's supervisor and Defendant's employee sexually harassed and assaulted Plaintiff.

16. The supervisor told Plaintiff "You look pretty" and "I want to be with you."

17. In February 2020, the supervisor demanded Plaintiff have sex with him and continued to do so for two weeks.

18. At the end of the two weeks, Plaintiff told the supervisor she did want to continue to have sex with him, but the supervisor ignored her and continued to demand sex from Plaintiff.

19. Thus, Plaintiff was subjected to disparate treatment on the basis of her sex.

20. Plaintiff complained about this disparate treatment to Defendant by refusing to have sex with Defendant's employee.

21. Defendant took no remedial action in response.

22. On or about March 1. 2020, Defendant retaliated against Plaintiff for invoking her rights under Title VII and the FCRA by constructively discharging Plaintiff's employment.

## COUNT I – TITLE VII VIOLATION
## (HARASSMENT)

23. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

24. Plaintiff is a member of a protected class under Title VII.

25. Plaintiff was subjected to unwelcome harassment on the basis of her sex, including inappropriate comments and demands for sex.

26. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, up to and including the termination of Plaintiff's employment.

27. Defendant knew or should have known of the unwelcome harassment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

28. Defendant's actions were willful and done with malice.

29. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     An injunction restraining continued violation of Title VII by Defendant;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Any other compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained.

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

30.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

31.    Plaintiff is a member of a protected class under Title VII.

32.    Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

33.    Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by constructively discharging her employment.

34.    Defendant's actions were willful and done with malice.

35.    By constructively discharging her employment, Defendant took material adverse action against Plaintiff.

36.    Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

    ***WHEREFORE***, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

g) Front pay;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (HARASSMENT)

37. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

38. Plaintiff is a member of a protected class under the FCRA.

39. Plaintiff was subjected to unwelcome harassment on the basis of her, including inappropriate sexual comments and demands of sex.

40. The harassment suffered by Plaintiff was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment with Defendant, including but not limited to termination of her employment.

41. In response, Defendant failed to intervene or take prompt and effective remedial action.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to relief.

*WHEREFORE*, Plaintiff demands:

k) A jury trial on all issues so triable;

l) That process issue and that this Court take jurisdiction over the case;

m) Compensation for lost wages, benefits, and other remuneration;

n) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

o) Any other compensatory damages, including emotional distress, allowable at law;

p) Punitive damages;

q) Prejudgment interest on all monetary recovery obtained.

r) All costs and attorney's fees incurred in prosecuting these claims; and

s) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 22 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff engaged in protected activity under the FCRA by refusing demands for sex.

47. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by constructively terminating her employment.

48. Defendant's actions were willful and done with malice.

49. By constructively terminating her employment, Defendant took material adverse action against Plaintiff.

50. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

m) A jury trial on all issues so triable;

n) That process issue and that this Court take jurisdiction over the case;

o) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

p) Compensation for lost wages, benefits, and other remuneration;

q) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

r) Front pay;

s) Any other compensatory damages, including emotional distress, allowable at law;

t) Punitive damages;

u) Prejudgment interest on all monetary recovery obtained.

    v)        All costs and attorney's fees incurred in prosecuting these claims; and

    w)        For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 21st day of April, 2021.

                Respectfully submitted,

                _____
                **LUIS A. CABASSA**
                Florida Bar Number: 0053643
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Direct Dial: (813) 379-2565
                Facsimile: 813-229-8712
                Email: lcabassa@wfclaw.com
                Email: gnichols@wfclaw.com
                **Attorneys for Plaintiff**