UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: 8:21-cv-01288-MSS-AEP

BEATRIZ HENRIQUEZ,

     Plaintiffs,

v.

SOICHER-MARIN OF FLORIDA, LLC,

     Defendant.

_____/

**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND
MEDIATION AND TO EXTEND DEADLINES FOR DISCOVERY AND
MEDIATION BASED ON PLAINTIFF'S FAILURE TO RESPOND TO
INQUIRIES REGARDING SAME OR, IN THE ALTERNATIVE, MOTION TO
<u>SHOW CAUSE AS TO WHY CASE SHOULD NOT BE DISMISSED</u>**

COMES NOW, Defendant, SOICHER-MARIN OF FLORIDA, LLC, (hereinafter "Defendant"), by and through their undersigned counsel and hereby moves to compel Plaintiff to sit for her deposition and to schedule mediation in this matter, or, in the alternative, moves this Court to issue a Show Cause Order for Plaintiff's apparent abandonment of her case, and, in support thereof, states as follows:

1.    On April 21, 2021, Plaintiff filed a four-count Complaint alleging discrimination and retaliation under the Florida Civil Rights Act and Title VII. Defendant removed this action to federal court on May 26, 2021.

2.    On August 25, 2021, the Court entered a Case Management and Scheduling Order requiring the parties to complete discovery by February 2, 2022, and to mediate the case by February 7, 2022.

3.    Plaintiff's counsel subsequently filed a Motion to Withdraw as Attorney of Record. Plaintiff's counsel's Motion to Withdraw as Attorney of Record included Plaintiff's email address and physical address.

4.    On September 13, 2021, this Court entered an Order permitting Plaintiff's counsel's withdrawal and providing Plaintiff 30 days to retain new counsel or she would proceed pro se. No counsel has made an appearance on behalf of Plaintiff in this matter. Accordingly, Plaintiff proceeded pro se.

5.    Since the Court's September 13, 2021 Order, Plaintiff has taken no action in this case. Plaintiff has not filed any paper with the Court and has not communicated with Defendant.

6.    Defendant's counsel has attempted to contact Plaintiff via email and via physical mail to schedule Plaintiff's deposition and mediation in this matter but has not received a response.

7.    Defendant's counsel last attempted to contact Plaintiff was via email on January 26, 2022. Defendant's counsel emailed Plaintiff regarding scheduling her deposition and mediation, as well as the upcoming deadlines. Plaintiff did not respond to the email.

8.    Defendant's counsel also sent Plaintiff a copy of the email via FedEx. Defense counsel provided Plaintiff until January 31, 2022, to respond to schedule her deposition and mediation. Please see the attached Exhibit "A."

9.    Following sending the copy of the email via physical mail on January 26, 2022, Defendant's counsel found that he had received notice of new address for Plaintiff through the U.S. Mail. Accordingly, Defendant's counsel sent via overnight service

CASE NO.: 8:21-cv-01288-MSS-AEP

another copy of the email requesting a response to schedule deposition and mediation to Plaintiff's new address on February 3, 2022. Please see the attached Exhibit "B," which includes proof of delivery to Plaintiff's forwarding address.

10.     Notably, Defendant's email states that Plaintiff's response is required if she intends to pursue this matter further. Plaintiff has not responded to the February 3rd letter.

11.     Based on Plaintiff's lack of activity since her attorney's withdrawal and lack of response to requests to schedule her deposition or mediation, it appears Plaintiff has abandoned this matter and does not intend to prosecute her case further.

12.     Due to the lack of response by Plaintiff to Defendant's emails and letters, Defendant has been unable to conduct Plaintiff's deposition or schedule mediation within the time limits set by the Court's Case Management and Scheduling Order.

13.     Accordingly, Defendant requests the Court enter an Order compelling Plaintiff to sit for her deposition and coordinate mediation with Defendant and an extension of the deadlines set forth in the Court's Case Management and Scheduling Order.

14.     In the alternative, Defendant requests that the Court enter an Order to show cause as to why this case should not be dismissed due to Plaintiff apparently abandoning her case.

## Local Rule 3.01(g) Certification

The undersigned certifies that the moving party attempted to confer with Plaintiff in a good faith effort to resolve the issues raised by the motion, and Plaintiff has not responded.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February, 2022, true and correct copy of the foregoing has been furnished via U.S. Mail to Beatriz Henriquez, 5217 34th Street Ct W, Bradenton, FL 34210.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant SOICHER-MARIN OF FLORIDA, LLC*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9319
Facsimile (813) 286-2900
Primary e-mail: eric.moody@csklegal.com
Secondary e-mail: kristina.digioia@csklegal.com
Alternate e-mail: joanne.delvalle@csklegal.com

By: _s/ Eric B. Moody_____
ERIC B. MOODY
Florida Bar No.: 103105
KRISTINA M. DIGIOIA
Florida Bar No.: 1022110

0439.0781-00